CHARLES W. BANHAM, Respondent, v. MARY A. ROBERTS, Appellant, Impleaded with CHARLES F. ODELL and Others, Respondents.

*Mechanic's lien — payments in advance of the terms of the contract to the prejudice of lienors.*

Under the provisions of chapter 342 of the Laws of 1885, payments made in advance of the terms of a contract will not be allowed to operate to the prejudice of lienors, who in such case may, under this act, compel the owner to pay the amount thus advanced a second time.

APPEAL by the defendant, Mary A. Roberts, from a judgment of foreclosure and sale, of the Supreme Court, in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 23d day of August, 1893, upon the report of a referee, and also from an order entered in said clerk's office on the 23d day· of August, 1893, affirming the report of the said referee.

*W. H. H. Ely,* for the appellant.

*Purdy & Squire,* for the plaintiff, respondent.

*Yale & Davison,* for the defendants, respondents.

DYKMAN, J.:

This is an action for the foreclosure of a mechanic's lien. It was tried before a referee to hear and determine, and he decided in favor of both the claimants, one of the defendants being a lienor or holder of a lien.

The owner has appealed from the order confirming the referee's report and also from the judgment entered thereon.

The plaintiff filed two notices of lien upon the property, one of which he assigned to the defendants, the Odells, and upon the other commenced this action.

The Odells and Turner, the original contractor, were brought in as defendants after the commencement of the action.

It seems the owner had paid a sum equal to the contract price for the building before the notices of liens were filed, but it also appears that the payments under the contract were anticipated, and by the provisions of the act under which this action is prosecuted, payments made in advance of the terms of the contract cannot operate to the prejudice of the lienors. (Chap. 342, Laws of 1885, § 2; *Cheney* v. *Troy Hospital Assn.*, 65 N. Y. 282; *Post* v. *Campbell*, 83 id. 282.)

If the owner shall be obliged to pay beyond the contract price in this case, such obligation is the result of her indiscretion in making payments in advance of the terms of the contract.

It is claimed by the appellant that some of the work is not the subject of a lien under the provisions of the Mechanic's Lien Law, but we think it all falls within the term appurtenances.

Much complaint is made respecting the well, but the evidence discloses no abuse or overcharge. Rock was struck at the depth of seven feet, and at eighteen feet water was reached. After that the well was sunk deeper to make a reservoir, and as the powerful explosives employed tore out a space unnecessarily large it was decided to build it up with brick from bottom to top. That was done; rubble masonry filled in back of the brick. There was no overcharge and the claim under both liens was meritorious.

The record discloses no error and the judgment and order should be affirmed, with costs.

BROWN, P. J., and PRATT, J., concurred.

Judgment and order affirmed, with costs.