(20 App. Div. 507.) MILLER et al. v. SMITH et al.

(Supreme Court, Appellate Division, Third Department. September 21, 1897.)

1. MECHANICS' LIENS—COLLUSIVE PAYMENTS—DISALLOWANCE.
    The owners paid the contractors of a building $2,000 in advance of the time agreed on, less a discount of $100. The contractors informed the owners that their subcontractors were paid with a note, and that there was no one who could put a lien on the property. The owners believed the contractors were solvent. *Held*, that said payments were not made collusively, within Laws 1885, c. 342, as amended by Laws 1895, c. 673, providing for the disallowing, as against lienors, of any payments made "in advance of the terms of any contract, by collusion," etc.

2. FINDINGS—WITNESSES—CREDIBILITY.
    The fact that a witness is not believed does not authorize an affirmative finding directly opposite to his testimony, where it is the only evidence on the subject.

3. MECHANICS' LIENS—COLLUSIVE PAYMENTS—BURDEN OF PROOF.
    Under Laws 1885, c. 342, as amended by Laws 1895, c. 673, providing for the disallowing, as against lienors, of any payments made "in advance of the terms of any contract, by collusion," etc., an advance payment made by an owner will not be disallowed unless fraud or collusion be affirmatively shown.

Appeal from trial term, Saratoga county.

Action by Edward R. Miller and another against Charles A. Smith and others. Defendants Selah W. Hallenbeck and Charles F. Allen appeal from the judgment. Reversed.

The defendants Hallenbeck & Allen, being the owners of a certain lot of land, entered into a contract with the defendants Charles A. Smith and Josiah Smith for the erection of a building thereon for the sum of $8,690, to be paid as follows: 80 per cent. of the value of the work and materials placed in the building to be paid every 30 days, until the sum of $6,952 should be paid, and the balance to be paid 60 days after said contract should be fully completed. The defendants Smith proceeded under the contract to erect the building, which was completed and accepted April 9, 1896. The plaintiffs performed labor and furnished materials used in the construction of said building as subcontractors under the Smiths, amounting in value to the sum of $215.53. The defendants Durkee & Young furnished the contractors Smith materials for the construction of said building, and used therein, of the value of $20.65. Payments were made upon the contract by Hallenbeck & Allen to the contractors Smith from time to time, and on February 19, 1896, they paid the sum of $1,500 thereon, before the same was due and payable, and received a discount thereon of $75. On March 7, 1896, being before the same was due, they paid the sum of $500, less a discount thereon of .$25, leaving then due upon the entire contract price only the sum of about $200. The defendant Handy also furnished labor and materials, for which he filed a lien prior to that of the plaintiffs and the defendants Durkee & Young, which lien being paid exhausted the balance of the $200 remaining unpaid upon the contract. The plaintiffs' work being completed, the defendants Smith, on the 18th of January, 1896, gave them a note for the amount thereof, payable three months after date, and took in return a receipt in settlement of their claim. This note went to protest, the defendants Smith becoming insolvent, and the plaintiffs thereafter, and on the 3d day of April, 1896, filed their lien. On the same day the defendants Durkee & Young also filed a lien for the amount of their claim. The trial court found that the last two payments made by the defendants Hallenbeck & Allen to the contractors Smith. to wit, the sum of $1,500 paid February 19, 1896, and $500 paid March 7, 1896, "were made without regard to the rights of the plaintiffs or said Durkee & Co., and in fraud of their rights, and were made collusively, and in expectation on the part of said owners of thereby defeating the right of said plaintiffs and said Durkee & Co. to a lien on said building and premises," and directed judgment in favor of Durkee & Young and

of the plaintiffs for the amount of their liens, and from the judgment so rendered this appeal is taken.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

C. M. Parke, for appellants, Selah W. Hallenbeck and Charles F. Allen.

L. L. Boyce, for plaintiffs and respondents.

George H. Witherhead, for respondents Edgar L. Durkee and Fred M. Young.

HERRICK, J. ˙ If the finding of the trial court that the payments of $1,500 and $500 were in fraud of the rights of the plaintiffs, and were made collusively, is correct, it disposes of this appeal. After a careful examination of the evidence as it appears in the printed record, I am unable to find any evidence to support that finding of fact, except that such payments were made in advance of the time when they were due, and that the defendants Hallenbeck & Allen received a discount thereon of $75 upon the $1,500 payment, and $25 upon the $500 payment. On the other hand, it does appear in the case upon the testimony of Smith, one of the contractors, that at the time of making these payments Mr. Hallenbeck asked him if he had settled with Miller & Russell, and was told that he had, "by paying them with a note"; and from the testimony of Hallenbeck, that he was told at the time of such payment—apparently at the time of the last payment—"that there were no claims that were on, or were to be put on, or could be put on," and that he had no knowledge that Durkee & Young had any claim. These inquiries by the defendant Hallenbeck before he made the final payment of $500, and the answers that he received, would indicate that he was acting in good faith. It is true that the fact that the plaintiffs had received a note in payment of their claim did not extinguish it, or prevent their filing a lien upon the note becoming due and remaining unpaid, prior to the expiration of the time fixed by the statute for filing liens. Jones v. Moores, 67 Hun, 109, 22 N. Y. Supp. 53. But at that time the contractors Smith had not become insolvent, the note had not become due, and the defendant Hallenbeck had been told by the defendants Smith that they were worth $9,000, so that he had reason to suppose that the settlement with the plaintiffs by the Smiths' note was a final settlement, and that such note would be paid at maturity. It does not seem to me that any inference of bad faith or collusion can be drawn from the fact that the defendants Hallenbeck & Allen asked a discount as a condition of making payments in advance of the time that they were due. The reasons that they gave to the contractors Smith, that they had to raise the money, and that it would cost them something,—and by that I assume they meant that they would have to pay a discount,—are not unreasonable or improbable. The uncontradicted evidence that I have recited seems to me greatly more than sufficient to overcome any possible inference to be drawn from the mere fact that the money was paid in advance of the time specified in the contract, and that a discount was paid and received upon its being so paid. The

reading of the statute implies that payments may be made in advance of the time specified in the contract without there being any fraud or collusion. That payments were made collusively is something that must be affirmatively proved; and, while the trial court was at liberty to discredit the testimony of the witnesses Hallenbeck and Smith, yet the mere fact that the testimony of a witness as to a fact is not believed does not of itself warrant a finding to the direct opposite of such testimony. I think, therefore, that the finding of the trial court that such payments were made fraudulently and collusively is not warranted by the evidence, and should be reversed, and that leaves the facts simply that the owners of the building have made payments in advance of the terms of the contract, and that thereby there is not sufficient money left in their hands, due the contractors, to meet the lien of the plaintiffs and of Durkee & Young, and we are asked to hold that the payment in advance of the terms of the contract, and which leaves an amount insufficient to pay the claims of the lienors, is contrary to the terms of the statute, and will not relieve the owners of the property so paying from the lien of the mechanic, and we are referred to the case of Hilton Bridge Const. Co. v. New York Cent. & H. R. R. Co., 145 N. Y. 390, 40 N. E. 86, to sustain that proposition. In that case, at pages 394 and 395 of 145 N. Y., and page 87, 40 N. E., the court said:

"Under the lien act of 1885 (chapter 342) it has been held in this court that where the owner has made payments to his contractors, although without fraud and collusion, before they are due under the terms of the contract, such payments cannot be allowed to the owner. Post v. Campbell, 83 N. Y. 279–283."

Of course, if that is a correct statement of the law, it disposes of the case before us. While I feel obligated to respect and follow the decisions of the court of appeals, yet when a statement appears in an opinion of that court which is evidently inadvertently made, it does not seem to me to be controlling. The case referred to in the opinion—that of Post v. Campbell—was not a case arising under chapter 342 of the Laws of 1885, but under chapter 478 of the Laws of 1862. That law provides for disallowing, as against lienors, any payments made "by collusion for the purpose of avoiding the provisions of this act, or in advance of the terms of any contract," whereas chapter 342 of the Laws of 1885, as amended by chapter 673 of the Laws of 1895, provides for disallowing, as against lienors, any payments made "for the purpose of avoiding the provisions of this act, or in advance of the terms of any contract, by collusion," etc. The distinction is obvious, and need not be dwelt upon. So the case of Cheney v. Troy Hospital, 65 N. Y. 283, cited in Banham v. Roberts, 78 Hun, 246, 28 N. Y. Supp. 828, to sustain the same proposition, was likewise decided under an act which provided that where the owner, "by collusion, for the purpose of avoiding the provisions of this act, or in advance of the terms of any contract," made payments, such payments should not be available to defeat a lienor. I think that neither the cases of Hudson Bridge Const. Co. v. New York Cent. & H. R. R. Co., or of Cheney v. Troy Hospital, or of Post v. Campbell, can be regarded as authorities upon the construction of chapter 342 of the Laws of 1885, as amended by chapter 673 of

the Laws of 1895. It seems to me that a plain reading of the statute requires us to hold that, except in cases of fraud or collusion, the owner cannot be compelled to pay any greater sum than the amount specified in his contract. French v. Bauer, 134 N. Y. 548, 32 N. E. 77. See, also, Bradley & Currier Co. v. Ward, 15 App. Div. 386, 44 N. Y. Supp. 164. To sustain the judgment in this case would be to compel the owners to pay more than the amount specified in their contract, without any fraud or collusion on their part being shown.

The judgment should therefore be reversed, and a new trial granted; costs to abide the event. All concur.