## In re BUSH TERMINAL CO.

No. 27150.

District Court, E. D. New York.
March 14, 1935.

See, also, 10 F. Supp. 315.

Lowell M. Birrell, of New York City, for Irving T. Bush.

Root, Clark, Buckner & Ballantine, of New York City, for trustees.

INCH, District Judge.

Irving T. Bush, a stockholder owning and controlling in excess of 5 per cent. of the outstanding shares of the debtor, makes this motion for an order directing the trustees to permit him to inspect the stock books of the debtor. The reason given for this inspection is stated in most general terms as "for the purpose of communicating with the said stockholders in connection with the business of the corporation." The trustees have opposed this application on various grounds.

Since the due filing of the petition of the debtor and the appointment and qualification of the trustees, at first as temporary and now as permanent trustees, and since the institution of the equity receivership which preceded these proceedings under section 77B of the Bankruptcy Act (11 US CA § 207), the Bush Terminal Company has been in the hands of either equity re-

ceivers or trustees appointed by this court, and the business has been run by them.

■ State statutes must yield to the bankruptcy law, as amended (11 USCA) and do not give a remedy where the bankruptcy court determines that such remedy interferes with the proper efforts of this court to rehabilitate the debtor rather than liquidate it.

■ The title to all the assets of the debtor is in these trustees, and this court has exclusive jurisdiction over same. Moreover, certain tentative plans, in accordance with section 77B, have already been submitted and referred to a special master. The whole purpose of this court, therefore, is now directed towards a possible rehabilitation of this debtor within a reasonable time.

■ It serves no purpose to now have injected into this proceeding stockholders' fights, efforts to control the debtor, criticism of management, etc., all of which, while occasionally present in ordinary corporate management, have no place when the court, having sole charge and the debtor, is seeking to reorganize it under section 77B, 11 USCA § 207.

The applicant does not desire to obtain a list of the stockholders for the purpose of presenting a plan, for, as I have said, two tentative plans, one of them by him, are already before the special master, and before that official all discussions and suggestions of other plans or modifications should and must take place. All creditors and stockholders must have notice of these hearings and of all important steps in this proceeding.

Moreover, the trustees are not presenting any plan, for that is the duty of creditors or the debtor.

While the trustees are continuing the business of the debtor, and while, both as receivers and now as trustees, it appears to the court that they have rendered excellent and skillful service in this regard, nevertheless the debtor is in an entirely different position in regard to stock transfers, etc., from what it would be had not these receivership and bankruptcy proceedings intervened.

Consequently, nothing will be gained by a meeting of stockholders, at this time, to elect new directors and possibly to thus interfere with the present management of the business by these trustees, through the present board, which seems to be functioning in co-operation with the trustees, pending the acceptance or rejection of a plan.

The extraordinary power of this court granted by Congress pursuant to section 77B, while it should be cautiously and intelligently exercised, seems to me to extend to such supervision over the calling of such meetings or other acts of the debtor which would appear to the court to be opposed to, or which may reasonably tend to obstruct, a speedy reorganization of the debtor.

Therefore there seems to be no proper reason given for this motion.

■ Section 77B however does, it seems to me, contemplate that, if a creditor or stockholder desires, for instance, to get in touch with those of his own class for the purpose of presenting a plan or opposing a plan, and a proper application is made by way of a committee or otherwise for this purpose or for some other purpose fairly shown to be helpful to the rehabilitation of the debtor and within due safeguards laid down, then, on the presentation of such application, on due notice to the trustees, such information may be available by proper direction of the judge pursuant to (c) (4) (b) of the act, 11 USCA § 207 (c) (4) (b).

Accordingly, the present motion is denied without prejudice to a renewal, should the new application show that it is within the contemplation of the Bankruptcy Act as amended.

Settle order on notice.