## In re WIL–LOW CAFETERIAS, Inc.

District Court, S. D. New York.

Nov. 18, 1937.

Jonas Rothstein, of New York City, for petitioner-claimant.

Chadbourne, Hunt, Jaeckel & Brown and Louis Shapiro, all of New York City, for debtor.

PATTERSON, District Judge.

The debtor having commenced a proceeding for reorganization under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, on April 20, 1937, one Aronowitz brought a petition for leave to foreclose an alleged mechanic's lien. The debtor denied the existence o'f the lien.

Aronowitz had a contract with the debtor to make structural changes in one of the debtor's restaurants. On December 18, 1936, the job being then practically finished, the debtor delivered to Aronowitz twelve notes for $200 each, made by the debtor and maturing monthly. The receipt signed by Aronowitz acknowledged "receipt of $2,400 in notes, which represents payment in full, less $100, of all moneys due us for the said labor and materials," and contained an undertaking indemnifying the debtor against any claims by subcontractors or materialmen. On April 24, 1937, Aronowitz filed notice of lien for $2,300, the face amount of the notes remaining unpaid. The work that was done was concededly of a character giving rise to a mechanic's lien under the New York Lien Law, Consol. Laws, c. 33, and it was proved that the notice of lien was filed within the time required. The notes are still unpaid. Aronowitz offered at the hearing to return them to the debtor. The debtor's one argument is that the delivery of the notes was payment of the debt owed by it on the construction contract, payment as effective as if money, goods, or investment securities had been delivered and accepted in payment of the debt, that consequently any lien to se-

cure the debt under the construction contract vanished with the debt.

██ The property against which the lien is asserted is property of the debtor in reorganization, in custody of the bankruptcy court. The proper course therefore is to try the issue here rather than to permit the contractor to seek his remedy in the state courts. In re Weston, 2 Cir., 68 F. 2d 913, 98 A.L.R. 319. The existence of the lien is to be determined according to the law of New York. In re Grissler, 2 Cir., 136 F. 754.

█ The contractor relies on section 34 of the Lien Law, to the effect that a contractor "may not waive his lien, except by an express agreement in writing specifically to that effect." No agreement expressly waiving a lien was signed. But I take it that this section is not applicable to a case like the present one. The debtor's position is not that the contractor waived his lien, but that the liability for which the lien was security has been discharged. There is no doubt that, when the agreed price of an improvement is paid, the lien disappears with the debt. In such a case the lien is not "waived," and there is no need of a written waiver by the contractor. The question then is whether the debt arising out of the contractor's performance of the building contract was paid by his acceptance of the debtor's notes.

██ The taking of a promissory note of a debtor does not discharge an antecedent debt for which the note is given, unless such be the express agreement of the parties. The taking of the note is presumed to be accompanied by the condition of payment of the note, and in this sense it is conditional payment rather than absolute payment of the debt. Happy v. Mosher, 48 N. Y. 313; Jagger Iron Co. v. Walker, 76 N.Y. 521; The Kimball, 3 Wall. 37, 18 L.Ed. 50. And, where the extinguishment of a debt would have the effect of destroying a lien securing its payment, the presumption that the debt is not discharged by accepting the debtor's note is all the stronger. Leschen & Sons Rope Co. v. Mayflower Gold Mining & Reduction Co., 8 Cir., 173 F. 855, 35 L.R.A.,N.S., 1.

█ The contractor took the debtor's notes as "payment in full, less $100," but this was not an agreement that the notes were taken as absolute payment of the debt. The word "full" refers to a liquidation of the amount owed, not to an extinguishment of the debt;

it is not the equivalent of "absolute." The New York courts have held that, where a contractor on finishing his work accepts an owner's notes for the amount due, giving a receipt in full for the claim, the debt on the building contract is not discharged and the right to file a lien not destroyed. Althause v. Warren, 2 E.D.Smith 657. See, also, Tiley v. Thousand Island Hotel Co., 9 Hun., N.Y., 424; Miller v. Smith, 20 App. Div. 507, 47 N.Y.S. 49. In Meyer v. Lathrop, 73 N.Y. 315, cited by the debtor, the receipt given by the creditor was much stronger.

█ In a case like the present one the contractor in enforcing his lien must of course take the necessary measures that the debtor will not be held liable to another on the notes. That was)done here by the offer to surrender them to the debtor.

The mechanic's lien is valid and unextinguished. There will be an order that on delivery of the notes to the debtor the contractor may enforce the lien by sale of the debtor's interest in the premises, unless the amount covered by the lien is paid by the debtor within twenty days.