## In re LONG ISLAND PROPERTIES, Inc.

District Court, S. D. New York.

Sept. 15, 1941.

Leo E. Sherman, of New York City, for John R. Blair and another.

David W. Kahn, of New York City, for Mast Corporation.

RIFKIND, District Judge.

This is a motion by the Mast Corporation, a creditor, to punish for contempt John R. Blair, John R. Blair Company (one of the petitioning creditors) and their attorney, Leo E. Sherman, for asserted violations of two orders previously entered herein, and to restrain them from taking any further steps in certain actions now pending in other courts.

An involuntary petition for reorganization of the debtor was filed on July 3, 1941. At the instance of the John R. Blair Company, an order was signed on July 15th, by Judge Bondy, restraining all proceedings to enforce liens or foreclose mortgages, and the commencement or continuation of all suits against the debtor, until the approval or dismissal of the petition.

On August 5th Judge Clancy approved the petition and appointed a trustee. In the order made on that date the stay imposed by the order of July 15th was enlarged and continued. It is still in force.

The Mast Corporation is the alleged holder of a third mortgage upon an incompleted apartment building which constitutes the debtor's major asset. The John R. Blair Company is another creditor whose claim is alleged to be secured by a mechanic's lien. John R. Blair is the president of the company which bears his name. Mast Corporation, Blair and the John R. Blair Company are parties to this proceeding and are before the court.

The debt owed to the Blair Company is for building materials and is evidenced by

a series of promissory notes executed by the debtor. Each of them is endorsed by Meyer Lundin, one of the principal stockholders of the debtor.

Prior to the inception of the Chapter X proceeding some of the notes matured. They were protested for nonpayment and each in turn became the subject of an action by the Blair Company against the debtor and Lundin in the Municipal Court of the City of New York. In all, five suits were begun, but judgment was entered upon the first three prior to the filing of the petition herein. As to those it is obvious that there has been no violation of the injunctive provisions of the orders referred to.

The fourth action was begun against the debtor by service of process upon it prior to the petition herein, but it is not clear from the record whether the entry of judgment preceded or followed the making of the stay orders. It is obvious, however, that because the suit was begun but two days before the petition herein that judgment must have been entered subsequent to July 3rd. It is asserted by Sherman that no further steps have been taken.

It does not clearly appear that the entry of judgment in the so-called fourth action occurred subsequent to Judge Bondy's order and for that reason I cannot say that such act constituted a violation of the stay contained therein.

It is admitted by the parties cited that the fifth suit was commenced by service of process upon the debtor on July 19th, four days after the date of Judge Bondy's order. By way of excuse it is asserted that Mr. Sherman, representing Blair Company in the note actions, had not been served with a copy of the stay order. It is pointed out that the Blair Company is represented by other counsel in the Chapter X proceeding and that Mr. Sherman has had nothing whatever to do with it. That fact tends to explain the otherwise strange circumstance that it was at the behest of Blair Company that Judge Bondy made the order of July 15th, the very order which the Blair Company is now charged with violating. The further explanation is offered that the process was prepared and issued as a matter of routine following the protesting of the notes; that upon learning of the order no further steps were taken; and that there was no wilfulness, or intention to violate the stay.

■ The movant has asserted that the fourth and fifth suits were not commenced until August 11th, subsequent to Judge Clancy's order, but I do not find that fact borne out by the record before me. The Sherman affidavit shows that the service of process was effected upon the debtor on the earlier dates referred to above, and this is not denied in the reply affidavit. It does appear that Lundin, the endorser, was served by substitution in those actions on August 11th. However, suits against such third party upon his individual liability are not within the scope of the stays heretofore granted.

These actions are all in personam. The liability of the endorser is separate and distinct from that of the maker, as each is based upon a separate contract. Chemical National Bank v. Kellogg, 183 N.Y. 92, 75 N.E. 1103, 2 L.R.A.,N.S., 299, 111 Am.St. Rep. 717, 5 Ann.Cas. 158. Neither is a necessary party to an action against the other, and their joinder in the one suit does not affect the nature of their respective liabilities. Carnegie Trust Co. v. Kistler, 89 Misc. 404, 152 N.Y.S. 240. No reason is apparent why a holder of a note of the debtor should be stayed from proceeding against a third party upon his separate liability as endorser simply because both claims were united in a single complaint. It has been specifically held that, in a reorganization proceeding, it is error to enjoin an action against the debtor's guarantor. In re Nine North Church St., 2 Cir., 82 F.2d 186.

■ There seems to be no doubt that the service of process upon the debtor in the fifth action constituted a disobedience of the order of July 15th, but I do not find the respondents guilty of contumacious conduct. Although in the federal court wilfulness is not a necessary ingredient in determining civil contempt (Telling v. Bellows-Claude Neon Co., 6 Cir., 77 F.2d 584), nevertheless where the act is one only of doubtful propriety, intent may become determinative of the question. May Hosiery Mills v. United States District Court, 9 Cir., 64 F.2d 450. The conduct complained of was neither deliberate nor wilful. It has proved harmless. Punishment for contempt is, under the circumstances, unwarranted.

However, the respondents will be restrained from taking any further steps in the actions against the debtor.

Mast Corporation complains also of respondent's conduct with respect to a foreclosure action instituted by the movant Mast Corporation, as holder of a third mortgage, against the debtor and its property. That suit was begun about two weeks before the petition under Chapter X, 11 U.S.C.A. § 501 et seq., herein was filed. It appears that judgment of foreclosure and sale was entered in that proceeding on July 17th. (It is to be noted that this act appears to have been a disobedience of the July 15th order, but no point has been made of it by the respondents).

Early in August respondent Blair, by his attorney, respondent Sherman, prepared and served motion papers in the foreclosure action for an order vacating the judgment entered therein and for leave to the Blair Company to come in as a defendant and interpose a pleading setting up the invalidity of the mortgage involved. The motion papers were served on August 5th (the date of Judge Clancy's order in the instant proceeding), returnable on the 11th of that month. The motion remains undisposed of, stayed by the order to show cause now before me.

It is claimed by the movant that this attempt to proceed in the foreclosure action is a flagrant violation of both restraining orders. The respondents, on the other hand, earnestly contend that the motion in the foreclosure action has nothing to do with the reorganization proceedings. The argument is that the stays issued out of this court affect only proceedings against the debtor; that they do not prevent one creditor from taking steps against another; that the issue between the Mast Corporation and the John R. Blair Company is the validity of the mortgage in suit; that it is not an issue for the bankruptcy court which lacks jurisdiction thereof; and that the action taken by respondents affects in no way either the debtor or any of its creditors.

■ This argument will not bear analysis. Except for a possible deficiency claim, a foreclosure action is a suit in rem, the subject matter of which is the debtor's property, and it has for its object a divestment of the debtor's title thereto. In joining all persons as defendants whose interests are junior to that of the plaintiff, it seeks to foreclose those rights and otherwise to "affect" the interests existing in the property.

■ In a proceeding for corporate reorganization the jurisdiction of the federal court attaches, as to the debtor and all of its property, as of the date the petition is filed, and this jurisdiction is exclusive. Bankruptcy Act, § 111, 11 U.S.C.A. § 511; Remington on Bankruptcy (5th Ed.), Sects. 4399, 4400; In re Bush Terminal Co., D.C., 11 F.Supp. 387; Harrison Securities Co. v. Spinks Realty Co., 9 Cir., 92 F.2d 904; Provident Mutual Life Ins. Co. v. University Evangelical Church, 9 Cir., 90 F.2d 992; In re Hotel Martin Co., 2 Cir., 83 F. 2d 231.

■ When the jurisdiction of this court is invoked the reorganization trustee or the debtor in possession acquires the right to immediate possession of the debtor's property, even as against the possession of a receiver or trustee appointed in a prior foreclosure or other proceeding. Bankruptcy Act, § 257, 11 U.S.C.A. § 657. In furtherance of this pattern the Act provides that the approval of the petition, without more, shall operate as an automatic stay of all prior proceedings to foreclose mortgages or enforce liens upon the debtor's property. § 148, 11 U.S.C.A. § 548.

■ It has been held specifically that the exclusive jurisdiction of the federal court is not defeated even by the prior entry of a decree of foreclosure and sale. In re Cloisters Bldg. Corp., 7 Cir., 79 F.2d 694; In re Georgian Hotel Corp., 7 Cir., 82 F. 2d 917. A lien claimant has not been permitted to enforce his lien in the state court because the debtor's property is deemed to be in the custody of the federal court. In re Wil-Low Cafeterias, D.C., 22 F.Supp. 522. The general rule that this court ought to control all litigation against the debtor except in very special circumstances is in conformity with the spirit of the Bankruptcy Act. In re Mountain States Power Co., D.C., 24 F.Supp. 247.

From this analysis it is clear that Blair's motion in the stayed foreclosure action is a violation of the restraining orders entered herein. Unlike the note actions previously referred to, I am of the opinion that the foreclosure action was stayed in its entirety, and for all purposes, and such restraint included all action therein by any one party against any other party.

■ A purported judgment was entered in that action by the Mast Corporation, subsequent to the inception of this proceeding. That judgment is void and of no legal effect. This conclusion is inescapable

once the manifest fact is recognized that at the time the judgment was entered the state court was without jurisdiction of the debtor's property. The federal court, from the date petition was filed, was the only court competent to determine and affect rights in that property.

It has been held frequently that a judgment entered in a state court subsequent to the commencement of a reorganization proceeding should be disregarded. In Re Service Appliance Co., D.C., 39 F.2d 632, the court said that such a judgment was not binding upon the federal court either as to the validity or amount of the claim involved. A judgment by default has been held not proveable over the trustee's objection without an inquiry into the merits of the claim. In re Brady Foundry Co., 7 Cir., 3 F.2d 437.

And in Re Paramount Publix Corp. (Greenberg), 2 Cir., 85 F.2d 42, 106 A.L.R. 1116, the court stated that a subsequent judgment could not be considered as having liquidated a claim for the purposes of distribution.

If that is the law as regards a claim in personam, can it be doubted that the same is true of a judgment which upon its face attempts to dispose of property which previously had come into this court's exclusive jurisdiction?

It may be argued that the motion to vacate the judgment would not "affect" the debtor's property or the interests of the creditors, and that for two reasons. First, because the judgment being void, motions addressed thereto are inconsequential and, therefore, do not call for this court's attention or restraint. Second, for the reason that since the motion was calculated to set aside the judgment of foreclosure it could not possibly adversely affect the debtor's property but might be beneficial.

■ These arguments fail. The mere invoking of the jurisdiction of any court with respect to the debtor's property is necessarily in derogation of the bankruptcy court's exclusive jurisdiction. Furthermore, in the interests of orderly procedure, no steps should be undertaken in any restrained action except in the discretion of the reorganization court.

My conclusion is that such a step is an attempt to interfere with the exclusive jurisdiction of the reorganization court. It is of no importance that any attempted exercise of jurisdiction by the state court would be ineffective. It is of importance that the federal court be recognized as the only forum in which to litigate the validity and priority of claims to the debtor's property (excepting, in a proper case, wherein the federal court may consent to the commencement or continuation of suit elsewhere).

The respondents have contended that the motion in the state court is not within the scope of the restraining orders because it is not an "action or proceeding against the debtor". Stated differently, they urge that the motion, which is by one defendant and is directed against the plaintiff, is not directed against or designed to affect the debtor. The fallacy of the argument is clear when it is remembered that the debtor's property is the foundation upon which the whole proceeding is built. To hold with the respondents would be to defeat the very purpose of the restraint. Any motion made in that proceeding would be an effort to infuse life into what, so long as this court continues its restraint, is dead. The stay entered herein must be interpreted as encompassing the whole foreclosure proceeding. A different conclusion would give rise to a vexing flow of controversies in this court to determine whether the debtor or its property is "affected" by proposed action in said proceeding.

■ I am satisfied that the motion, although violative of the restraining order, was not contumacious. Respondents' earnest arguments have convinced me that they have made an honest mistake. I can perceive no injury either to the movant or the estate. The motion to punish is denied.

■ I have been less concerned with the contempt features of the motion than with the jurisdictional and procedural elements involved. It is appropriate to state that in my opinion the relative rights of Mast Corporation and the Blair Company by virtue of their respective claims became fixed upon the filing of the petition herein. The reorganization court is competent to pass upon their validity and priority. The efforts of the claimants to obtain ascendancy over each other in the foreclosure suit subsequent to July 3rd were futile. No steps ought to be taken in the state court except in the discretion of this court and after leave obtained. I will grant the motion to restrain the respondents from taking any further steps or proceedings in the foreclosure action.

Settle order.