WINGILIA v. ASHMAN.

1. ATTORNEY AND CLIENT—ATTORNEY CONSULTED IN REGARD TO MATTER IS DISQUALIFIED FROM ACTING FOR OTHER PARTY IN TRIAL THEREOF.

An attorney who was consulted by plaintiff in regard to a matter is disqualified from acting as attorney for the other party in an action involving the same matter.

2. CONTINUANCE—DISQUALIFICATION OF ATTORNEY NOT CAUSE FOR POSTPONEMENT WHERE THERE WAS ASSOCIATE COUNSEL.

There was no error in the denial of a motion for postponement of the trial of a case because of the disqualification of one of defendant's attorneys where associate counsel conducted the case in such a way as to leave no room to claim that defendant was prejudiced thereby.

_____

[1]Attorney and Client, 6 C. J. § 105; [2]Continuances, 13 C. J. § 55.

3. EVIDENCE—WRITTEN CONTRACT MAY BE MODIFIED BY SUBSEQUENT
ORAL AGREEMENT.

A subsequent oral agreement may be shown in modifica-
tion of a prior written contract.

.4. MECHANICS' LIENS—ESTATES BY ENTIRETIES—NO LIEN COULD
ATTACH WHERE CONTRACT SIGNED BY HUSBAND ONLY.

Where a contract for repairs to a dwelling owned by hus-
band and wife by the entireties was signed by the husband
alone, no lien could attach by reason of the contractor's
failure to pay claims for labor and material.

5. SAME—LABOR AND MATERIAL LIENS COULD NOT ATTACH WHERE
CONTRACTOR ASSERTING NONE.

Where the contractor is not attempting to assert a lien
on a dwelling for labor and materials furnished in repair-
ing same, none of the laborers or materialmen are in
position to assert a lien.

6. SAME—OWNER MAY NOT WITHHOLD PART OF CONSIDERATION
WHERE NO LIEN COULD ATTACH.

Where neither the contractor nor the laborers or material-
men could assert a lien on a dwelling, the owner was not
justified in withholding payment of that part of the con-
sideration for repairs which the contractor owed for labor
and material (3 Comp. Laws 1915, § 14799).

7. TRIAL—SPECIAL QUESTIONS.

Where a special question for submission to the jury in-
cluded three distinct questions, and an answer to them
yes or no would mean very little, no error was committed
in refusing to give it (3 Comp. Laws 1915, § 12611).

8. APPEAL AND ERROR — NO ERROR IN REFUSING REQUESTS TO
CHARGE COVERED BY CHARGE AS GIVEN.

Where the issues in requests to charge were fully covered
by the charge as given, failure to give the requests in
the words or language as submitted did not constitute
error.

Error to Kent; Brown (William B.), J.    Sub-
mitted October 7, 1927.    (Docket No. 56.)    Decided
February 14, 1928.    Rehearing denied April 2, 1928.

Assumpsit by Charles Wingilia against Walter Ash-

---

[3]Evidence, 22 C. J. § 1693; [4]Mechanics' Liens, 40 C. J. § 84;
18 R. C. L. 903; [5]Id., 40 C. J. § 163; [6]Building and Construction
Contracts, 9 C. J. § 167 (Anno); [7]Trial, 38 Cyc. p. 1916; [8]Id., 38
Cyc. p. 1711.

man for breach of a building contract.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*Michael Garvey* and *Leroy J. Herman,* for appellant.

*Dunham & Cholette (F. Roland Allaben,* of counsel), for appellee.

BIRD, J.    Plaintiff, a building contractor, entered into a written agreement with defendant to repair his dwelling house.    Under the terms of the contract plaintiff was to receive $800 upon completion of the foundation, and the further sum of $1,000 upon the completion of the roof.    The balance, $1,384, was to be paid when the work was completed.    When the foundation was in and the roof completed plaintiff received only a part of his money, and defendant made promises of payment of the balance, but did not make good. Plaintiff, therefore, abandoned the work, and brought this suit to recover his damages for defendant's breaching the contract.    The jury awarded him a verdict of $865.79.

Defendant makes the following complaints:

1. Upon motion of plaintiff's attorneys the trial court disqualified Michael Garvey from acting as attorney in the case for defendant.    The record shows that Mr. Garvey drew the contract which is the basis of this suit.    A short time before this case was started Mr. Garvey sued plaintiff and filed the following bill of particulars in the circuit court:

"Preparing contract for Mr. Wingilia, and consultation in the matter of Charles Wingilia against Mr. Ashman, $15."

Mr. Garvey was called to the stand and examined by counsel, and also by the court:

"*The Court:* Was there a judgment rendered in your favor in that case?
"*Mr. Garvey:* Yes, your honor.

"*The Court:* For how much?

"*Mr. Garvey:* I think something like $162, something like that.

"*The Court:* The full amount of your claim?

"*Mr. Garvey:* It was the full amount of the claim.

"*The Court:* Then I think I would have to hold, under your bill of particulars, the matter of consultation, the way you filed your bill of particulars, would be a legal relation between counsel and client. I will hold in this case that Mr. Garvey is disqualified from appearing as attorney in the case, and what he learned from Mr. Wingilia, his client, would be privileged."

The testimony of Mr. Garvey discloses that he charged plaintiff for preparing the contract, $15. The difference between this sum and $162 was for consultation in regard to the matter being tried. . We are of the opinion that the court was in no error in disqualifying Mr. Garvey as attorney for defendant in the case. Aside from the legal situation, the trial court did nothing more than Mr. Garvey's own sense of propriety should have prompted him to do without a motion. He had drawn the contract and consulted with plaintiff concerning the matter, and was, therefore, in a position to be suspicioned of unprofessional conduct if he accepted employment from defendant.

Complaint is also made because the court did not permit an adjournment after disqualifying Mr. Garvey. Application was made for a postponement of the case, but the court said that inasmuch as another attorney was interested with Mr. Garvey he saw no reason why they should not proceed. Mr. Herman conducted the case in such a manner that there is no room left for defendant to claim that he was prejudiced by reason of Mr. Garvey being disqualified.

2. The contract obligated plaintiff to cover the roof with asphalt shingles. This was done, except the back porch, which it was subsequently agreed should be covered with paper roofing, on account of the lack of pitch in the roof. Plaintiff was permitted to show

these facts, and defendant complains that the court permitted a parol agreement to alter the written contract. A subsequent oral agreement may be shown in modification of a prior written contract. *Summers v. Wagner,* 87 Mich. 272; *Town v. Jepson,* 133 Mich. 673; *Strom-Johnson Construction Co. v. Riverview Furniture Store,* 227 Mich. 55.

3. Defendant concedes that he did not pay plaintiff the entire amount due; that he withheld a portion of the consideration to take care of certain claims for labor and material, which plaintiff was indebted for, and the claim is made that he was justified by 3 Comp. Laws 1915, § 14799. The record shows in this case that the real estate, which was the subject of the contract, was owned by defendant and his wife by the entireties, and the contract was signed only by defendant. Under these circumstances no lien could attach. *Burman v. Ewald,* 192 Mich. 293; *F. M. Sibley Lumber Co. v. Letterman,* 234 Mich. 32. Inasmuch as plaintiff is not attempting to assert a lien, none of the laborers or materialmen are in a position to assert a lien. *Walker v. Syms,* 118 Mich. 183. See, also, *Barnard v. McLeod,* 114 Mich. 73; 3 Comp. Laws 1915, § 14817. In view of these circumstances we do not think defendant was justified in withholding a part of the consideration because plaintiff was indebted to laborers and materialmen.

4. Complaint is made because the trial court refused to direct a verdict for defendant at the close of plaintiff's proofs. The basis for this motion was 3 Comp. Laws 1915, § 14799. This objection has just been considered in number 3. We think the point is not well taken.

5. It is said the court was in error for its refusal to give the following special question to the jury:

"Had the plaintiff completed the foundation on defendant's home, and fully completed the roof with asphalt shingles, and fulfilled his part of the agree-

ment in accordance with the contract at the time he abandoned the work?"

The law regulating the submission of special questions (3 Comp. Laws 1915, § 12611) provides that:

"*Provided,* Such special questions shall not exceed five in number, and shall be each in single short sentences readily answered by yes or no."

The special question submitted includes at least three distinct questions, and an answer to them yes or no would mean very little. No error was committed in refusing to give it.

6. Error is assigned because the trial court did not give counsel's requests to charge. The trial court may not have given the requests in the words or language of defendant's requests, but we think he covered the issues very fully and submitted to the jury the conflicting testimony for their consideration.

There are some other errors assigned, but it will be unnecessary to consider them, as we are impressed they are not well taken.

The judgment is affirmed.

The foregoing opinion was prepared by the late Justice BIRD and is now adopted as the opinion of the court.

FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice SNOW took no part in this decision.