## AMERICAN SURETY CO. OF NEW YORK v. OWENS et al.

### No. 5769.

Court of Appeals of the District of Columbia.

Argued May 4, 1933.

Decided May 29, 1933.

Chapman W. Maupin, of Washington, D. C., for appellant.

Frank F. Nesbit and Lucien H. Mercier, both of Washington, D. C., for appellee Owens.

William H. White, Jr., of Washington, D. C., for appellees Randall Bell et al.

L. A. Rover and W. A. Gallagher, both of Washington, D. C., for the Secretary of the Navy.

Before MARTIN, Chief Justice, and VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

Melton J. Gray contracted with the United States to drill an artesian well at the Naval Air Station, Pensacola, Fla. American Surety Company executed the contractor's bond required by the United States in such cases. The work was accepted July 10, 1931, at which time there was due Gray the sum of $2,724.07, but Gray owed approximately $5,000 for labor and materials furnished in the work. On July 21, 1931, he filed a voluntary petition in bankruptcy in the District Court of the United States for the Northern District of Florida, and appellee Owens was in due course appointed trustee. Thereafter in August the surety company filed its bill in the District Supreme Court in Washington against Gray and the Secretary of the Navy to enforce a claimed equitable lien on the retained pay of Gray as contractor for the work done for the United States. The Secretary of the Navy answered, admitting the balance of $2,724.07, and expressing willingness to pay such balance subject to such disposition thereof as the court might make for the benefit of the creditors. An order was entered accordingly, and the money deposited in the registry of the District Supreme Court. The order provided that the money be retained in the registry until such time as it should appear to the court that plaintiff (the surety company) had paid into the registry of the District Court of Florida the penalty of its bond. Thereafter, on March 1, 1932, appellee Owens (the trustee in bankruptcy) filed in the District Supreme Court a motion to vacate the last-mentioned decree upon the ground the court was without jurisdiction to enter the same without the consent of the bankruptcy court in Florida. At the hearing the lower court entered an order modifying its former decree and directing the transmission of the fund involved to the bankruptcy

court in Florida. From that order this appeal is taken.

We find in appellant's brief the following statement: "This appeal can be disposed of, upon the single question whether the court below erred in holding that the bankruptcy court in Florida alone had jurisdiction to declare and enforce the lien claimed by appellant on the retained pay of the bankrupt contractor, and hence that the court here was without jurisdiction of the suit."

We think this query fully states the point we are called on to decide. The lower court, as we have seen, then having in its own registry a fund belonging to the bankrupt estate, directed its transmission to the United States court of the district in which the bankruptcy proceeding was pending. The lower court said:

"The decree of November 30 provides that the fund of $2,724.07 should remain in the registry of the court until the plaintiff produces satisfactory evidence that it had paid into the bankruptcy court the full penalty of its bond. This court thereby expressly retained jurisdiction over the fund and since the plaintiff has not so complied therewith and the fund remains in the registry it is still subject to the orders of this court which may either modify or vacate the decree in regard to the same.

"In any event as the bankruptcy court in Florida acquired exclusive jurisdiction of the property of the bankrupt, wherever situated, either actually or constructively in its possession before this suit was filed, and it was that court's exclusive function to determine the persons entitled to the property of the bankrupt and make distribution thereof, this court cannot retain the property of the bankrupt's estate, and is without jurisdiction to adjudge the rights of the parties entitled thereto or to disburse the same."

We think the decision of the lower court was in all respects correct. The petition in bankruptcy in the district court in Florida was filed before the proceeding in the court below was begun. An adjudication in bankruptcy likewise was had before the suit below was filed. These facts gave the bankruptcy court exclusive jurisdiction to administer the entire fund belonging to the bankrupt estate. The right of the trustee, thereafter appointed, to possession of all the property owned by the bankrupt vested in him as of the date of the filing of the petition in bankruptcy, and this without regard to whether the prop-

erty was situated within or without the district in which the petition in bankruptcy was pending. Robertson v. Howard, 229 U. S. 254, 33 S. Ct. 854, 57 L. Ed. 1174. This rule is as firmly established by the decisions of the Supreme Court as any we know of, and it is an idle performance to question it now. It was restated as recently as May 8, last, as follows: "Upon adjudication of bankruptcy, title to all the property of the bankrupt, wherever situated, vests in the trustee as of the date of filing the petition in bankruptcy. The bankruptcy court has exclusive jurisdiction, and that court's possession and control of the estate cannot be affected by proceedings in other courts, state or federal. Isaacs v. Hobbs Tie & T. Co., 282 U. S. 734, 737, 51 S. Ct. 270, 75 L. Ed. 645, and cases cited. Such jurisdiction having attached, control of the administration of the estate cannot be surrendered even by the court itself. Isaacs v. Hobbs Tie & T. Co., 282 U. S. 739, 51 S. Ct. 270, 75 L. Ed. 645. 'The filing of the petition is a caveat to all the world and in effect an attachment and injunction.' May v. Henderson, 268 U. S. 111, 117, 45 S. Ct. 456, 459, 69 L. Ed. 870, and citations. And see generally Moore v. Scott (C. C. A.) 55 F.(2d) 863; In re Diamond's Estate (C. C. A.) 259 F. 70." Isaac Gross et al. v. Irving Trust Co., trustee Crosby Stores, Inc., Bankrupt, 53 S. Ct. 605, 606, 77 L. Ed. 1243 (May 8, 1933).

The decision from which we have quoted disposes of the query which counsel present to us on this appeal, and therefore it would be a waste of time and space to extend the discussion further. The old rule with relation to the right of a court which has taken possession of property to hold it and determine the rights of parties to it has no relation to the retention of property by a court, state or federal, where bankruptcy has intervened and the property in question is claimed by the trustee appointed in the bankruptcy proceeding. The bankruptcy court is entitled not only to the fund but may alone ascertain liens against it or rights to it. It being admitted the property belongs to the bankrupt estate, its jurisdiction is complete and exclusive, and it alone may determine the validity and amount of liens, and likewise may take the property wherever it finds it and determine the manner of its liquidation or disposal.

The decree of the lower court is therefore affirmed.

Affirmed.