68 F.2d 913 (1934)
In re WESTON et al.
BROWER
v.
SCHLOTT et al.
No. 140.
Circuit Court of Appeals, Second Circuit.
January 8, 1934.
*914 Zalkin & Cohen, of New York City (Israel Akselrod, of New York City, of counsel), for trustee.
Underhill & Foster, of Brooklyn, N. Y. (James K. Foster, of Brooklyn, N. Y., of counsel), for appellee First Nat. Bank of Farmingdale.
Irving Lemov, of Jamaica, L. I. N. Y., for appellee Howard J. Schlott.
Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.
MANTON, Circuit Judge.
The Westchester Construction Company, a copartnership and contractors, performed public work for the State of New York in the erection of storm sewers. The sum of $26,000 was claimed to be due to the bankrupts for the work completed when the petition in bankruptcy was filed on April 29, 1932. The state disputes the amount.
The appellee bank held an assignment of the money due on the contract and shortly prior to and immediately after the filing of the petition in bankruptcy, some fourteen persons, firms, or corporations, claiming to have rendered services or furnished materials on this work, filed mechanics' liens under the Lien Law of the state of New York (Consol. Laws, c. 33). When the petition in bankruptcy was filed, there was no action pending to foreclose any of the liens. The trustee moved, before the referee, for an order authorizing him to take all necessary proceedings to obtain the balance due from the state of New York and to direct that all lienors present their claims to said fund in the bankruptcy court for determination as to the validity thereof and asked for an injunction restraining the lienors from proceeding except in the bankruptcy court. The petition stated that the face amount of the claims exceeded the amount due from the State but alleged that some claims were invalid. On the return day of the order to show cause, ten lienors defaulted. The petition was resisted by two appellees. Appellee Schlott filed his lien August 19, 1932. On December 23, 1932, after the filing of the petition in bankruptcy and before this motion, he instituted a foreclosure proceeding of his mechanic's lien in the Supreme Court of the State of New York. The referee, on motion of the appellees, dismissed the petition for lack of jurisdiction, and this was confirmed by the District Judge. The petition does not state when the assignment to the bank was filed or when the other liens were filed, although the appellee bank asserts in its brief that the assignment was filed before the voluntary petition.
Two questions are presented by this appeal: (1) Whether the bankruptcy court obtained constructive possession of the debt due from the state when the petition in bankruptcy was filed; and (2) whether such possession in the bankruptcy court prevents the state court from obtaining jurisdiction.
In Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 737, 51 S. Ct. 270, 271, 75 L. Ed. 645, the court announced that, upon adjudication, title to the bankrupt's property vests in the trustee with actual or constructive possession and is placed in the custody of the bankruptcy court. Such possession and title of all the property of the bankrupt vests in the trustee as of the date of filing of the petition no matter where situated, within or without the district. Robertson v. Howard, 229 U. S. 254, 33 S. Ct. 854, 57 L. Ed. 1174. And as said in the Isaacs Case, supra: "It follows that the bankruptcy court has exclusive jurisdiction to deal with the property of the bankrupt estate. * * * When this jurisdiction has attached, the court's possession cannot be affected by actions brought in other courts." So debts due the bankrupt by third parties are within the constructive jurisdiction *915 of the bankruptcy court. In re Roman, 23 F.(2d) 556 (C. C. A. 2); In re Borok, 50 F.(2d) 75, 77 (C. C. A. 2). In the latter case, this court said: "Were the trustee attempting to collect the accounts from the bankrupt's debtors, he would have to resort to a plenary suit; he could not claim to be in `possession of the property,' for existence of the property, i. e., a valid chose in action, is the issue in dispute. But where, as here, the debtor is not in an adverse attitude toward the bankrupt and the dispute is between the bankrupt's trustee and the claimant of a lien upon the debt, we think the debtor may be deemed to hold the debt for the bankrupt in the same sense that the Board of Trade held the seat for the bankrupt, and `possession' of the chose in action may be deemed to pass to the trustee in the one case as much as in the other. So the bankruptcy court may draw to itself the summary determination of which claimant is the proper obligee of the chose in action."
In the Isaacs Case it was said that another court may not proceed after bankruptcy if, by the petition, the bankruptcy court obtained custody of the property and here we must inquire whether the bankruptcy court obtained possession of the debt due from the state. The appellant claims that when the petition was filed the debt from the state came into the possession of the bankruptcy court so far as determination of the claims of all lienors against the debt are concerned. This court has considered the bankruptcy court's custody of choses in action. In re Hudson River Navigation Corp., 57 F.(2d) 175 (C. C. A. 2); In re Borok, supra. In the latter case, the res was the bankrupt's uncollected accounts receivable and we were called upon to determine the rights of the assignee of the accounts under an assignment before bankruptcy, which was given as security for a loan not then in default and which gave the assignor the right to collect and apply the accounts to his general purposes; the debtor not having been notified of the assignment. It was clear under that assignment that, as between the assignee and the assignor, the bankrupt, the latter had complete dominion over the accounts at the time of bankruptcy and that dominion passed to the bankruptcy court, which thus obtained possession of the accounts as against the assignee. But the instant case is somewhat different, for a question is presented whether the State as a debtor held the debt only for the bankrupt, at the time the petition was filed, and whether as between the appellees and the bankrupt the latter completely possessed and controlled the debt. As stated, the lien of Schlott was not filed before the petition in bankruptcy, and it does not appear, except in the statement contained in the brief, when the assignment was made to the bank.
The provisions of the New York Lien Law concerning contracts for public improvements provide a complete plan for the protection of lienors. The creation, filing, duration, discharge, priority, and enforcement of liens are all provided for by sections 5, 12, 19, 21, 24, 25, 42, 60. Section 12 states that the lien may be filed with the fiscal officer charged with the custody and disbursement of the funds applicable to the contract. Section 60 provides for suit to determine the validity of the liens. These provisions disclose that the Lien Law contemplates that after notice of the lien, the state holds the debt for the benefit of those entitled thereto. Since when the petition was filed, so far as the record discloses, no lien was asserted, the bankruptcy court's right of constructive possession may not be questioned. The bankruptcy court has jurisdiction to determine the validity of liens and of necessity the sole jurisdiction after possession of the property passes to the trustee. Isaacs v. Hobbs Tie & Timber Co., supra; Gross v. Irving Trust Co., 269 U. S. 342, 53 S. Ct. 605, 77 L. Ed. 1243; Van Huffel v. Harkelrode, 284 U. S. 225, 52 S. Ct. 115, 76 L. Ed. 256, 78 A. L. R. 453; American Surety Co. v. Owens, 62 App. D. C. 210, 66 F.(2d) 190, 191. As stated in the American Surety Company Case: "The old rule with relation to the right of a court which has taken possession of property to hold it and determine the rights of parties to it has no relation to the retention of property by a court, state or federal, where bankruptcy has intervened and the property in question is claimed by the trustee appointed in the bankruptcy proceeding. The bankruptcy court is entitled not only to the fund but may alone ascertain liens against it or rights to it. It being admitted the property belongs to the bankrupt estate, its jurisdiction is complete and exclusive, and it alone may determine the validity and amount of liens, and likewise may take the property wherever it finds it and determine the manner of its liquidation or disposal."
In the case of In re Grissler, 136 F. 754 (C. C. A. 2), the lien was being asserted against real estate which had not been in the possession of the bankrupt subcontractor and which did not come into the custody of the bankruptcy court.
The bankruptcy court had constructive possession of the debt due from the state to determine appellees' liens.
*916 The second question presented, whether such possession completely ousts the state court of jurisdiction, was answered in the negative below; the court affirming the referee, basing its decision on the ground that the referee had no power to enjoin the lienors. Liens not filed before bankruptcy are valid if filed within the period provided by the state statute. N. Y.-Brooklyn Fuel Corp. v. Fuller, 11 F.(2d) 802 (C. C. A. 2). We are not concerned with the validity of the liens, but the forum in which the validity may be asserted. The suit on the lien of appellee Schlott in the state court was begun after the petition in bankruptcy was filed. Even though the lien existed at the time of bankruptcy, it is clear that since the property against which the lien was asserted was in the custody of the bankruptcy court, it could enjoin a later suit to enforce the lien. Isaacs v. Hobbs Tie & Timber Co., supra.
The plenary suit necessary to ascertain the amount of the fund to be paid by the state must be brought by the trustee in the proper state court. Here the mechanic's lien is asserted against a fund to be paid by the State for a public improvement. There is no specific res but the lienor becomes by virtue of the statute the assignee of the debt to contractor to the extent of his claim. Arrow Iron Works v. Greene, 260 N. Y. 330, 183 N. E. 515. Jurisdiction to determine the validity of that lien is vested in the bankruptcy court. The court below had authority and it was its duty to grant an injunction. In re Everick Corp., 39 F.(2d) 765 (C. C. A. 2).
Order reversed.
CHASE, Circuit Judge (dissenting).
Jurisdiction of the bankruptcy court depends upon "possession"; i. e., upon whether there was a debt due the bankrupt from the state of New York when the petition in bankruptcy was filed which constructively came into the possession of the trustee in bankruptcy. If there was, the theory of constructive possession, as extended in Re Borok (C. C. A.) 50 F.(2d) 75, to the point where the debtor was said to hold the debt for the bankrupt, might warrant holding that the trustee has sufficient "possession" here to give jurisdiction to the bankruptcy court to determine the rights of claimants to a fund admittedly due. But what is called constructive possession is only the right to possession. At best, we are but dealing with a fiction when we speak of the possession of a chose in action. And where the existence of the debt is disputed by the alleged debtor, all the trustee in bankruptcy has is the right to bring an action in the state court (the state court of claims in this instance) to determine whether there is even a valid chose in action upon which the constructive possession that gives jurisdiction to the court of bankruptcy can be based.
It seems to me that reason forbids taking the added step necessary to hold that a disputed cause of action is property in possession, even constructively, to give the court jurisdiction; and that the order should be affirmed on the principles set forth in Re Grissler (C. C. A.) 136 F. 754.