### In re LAFAYETTE AGENCY, Inc.

District Court, S. D. New York.

Feb. 6, 1942.

Robert P. Stephenson, of New York City, referee in bankruptcy.

Benjamin Siegel, of New York City, for trustee.

Harry Zeitlan, of New York City, for Michael Horowitz.

CLANCY, District Judge.

This is a petition to review a referee's order sustaining the summary jurisdiction of the Bankruptcy Court over all claims in a certain chose in action. The record discloses that the petitioner was a partial assignee of the debt which is the subject of the chose in action and which is unliquidated and must remain so until an accounting is had. It is universally recognized that a partial assignee does not have legal title to the chose in action, but merely an equitable claim or right. Risley v. Phœnix Bank of City of New York, 83 N.Y. 318, 38 Am.Rep. 421; O'Dougherty v. Remington Paper Co., 81 N.Y. 496; Williston on Contracts, Vol. 2, § 443.

The case of Porter v. Lane Construction Corp., 212 App.Div. 528, 209 N. Y.S. 54, affirmed 244 N.Y. 523, 155 N.E. 881, did not change the nature of the right of a partial assignee from an equitable to a legal right, but merely permitted such an assignee to sue a debtor at law pursuant to certain sections of the New York Civil Practice Act. A court of law has jurisdiction to enforce or vindicate an equitable right. Thompson v. Central Ohio R. R. Co., 6 Wall. 134, 18 L.Ed. 765. Indeed, equity will not take jurisdiction to enforce even an equitable right if a court of law can afford an adequate remedy. Thompson v. Central Ohio R. R. Co., supra. While it is to be conceded that the Legislature has the power to make a partial assignee a legal owner, it has been held that modern statutes formulating procedure are procedural only and do not alter the substantive rights of the parties. Carozza v. Boxley, 4 Cir., 203 F. 673; Myers v. Davis et al, 22 N.Y. 489; cf. also Beckwith v. Union Bank of New York, 9 N.Y. 211.

Hence, since the bankrupt remained the legal owner of the chose in action involved herein at the time of the petition in bankruptcy and, therefore, in control of it, although encumbered with equitable interests, the Bankruptcy Court has summary jurisdiction over the chose in action and may adjudicate the validity of interests therein. In re Worrall, 2 Cir., 79 F.2d 88, 90; In re Zimmermann, 2 Cir., 66 F.2d 397; In re Weston, 2 Cir., 68 F.2d 913, 98 A.L.R. 319. None of the litigants has attributed a preferential character, if any such belongs, to any of the assignments.

Accordingly, the order of the referee is affirmed.