**In the Matter of WILTSE BROTHERS**
**CORPORATION, Bankrupt.**

**BARTON–MALOW COMPANY,**
**Respondent-Appellant,**

v.

**William H. DEMPSTER, Trustee,**
**Petitioner-Appellee.**
**No. 16302.**

United States Court of Appeals
Sixth Circuit.

Feb. 18, 1966.

* Of the District Court for Connecticut, sitting by designation.

Howell Van Auken, Detroit, Mich., for appellant, Lucking, Van Auken & Miller, Detroit, Mich., on the brief.

Milton Roberts and Joseph S. Radom, Detroit, Mich., for appellee, Janet E. Kinnane, Bay City, Mich., on the brief.

Before EDWARDS and CELE-BREZZE, Circuit Judges, and KENT*, District Judge.

CELEBREZZE, Circuit Judge.

Wiltse Brothers Corporation, hereinafter referred to as bankrupt, was engaged in the business of fabricating and manufacturing machinery in the State of Michigan. On September 11, 1961, bankrupt, as subcontractor, obtained an order from Appellant, Barton-Malow Company, hereinafter referred to as Barton-Malow, to furnish steel for the construction of a kiln for Huron Portland Cement Company. Barton-Malow, as prime contractor, was to pay bankrupt $260,000. Before completing the job, bankrupt filed its voluntary petition in bankruptcy on June 22, 1962. At the time of adjudication, bankrupt's books showed a balance due from Barton-Malow of $39,797.73. Against this sum Barton-Malow asserted offsets for defective and uncompleted work.

In 1960, bankrupt entered into an agreement with Industrial Resources, Inc. to borrow money, and bankrupt secured the loan by assignment of its fu-

* Honorable W. Wallace Kent, Chief Judge, United States District Court, Western District of Michigan, sitting by designation.

ture accounts receivable. Subsequent to the bankrupt filing its petition in bankruptcy, Industrial Resources, Inc. filed suit in garnishment against Barton-Malow. On June 30, 1962, Barton-Malow filed a complaint naming Industrial Resources, Inc., bankrupt, William H. Dempster, Receiver of bankrupt, Brown Campbell Company, Cuddie Engineers, Structural Detailing Service Company, McNally & Nimergood Company, and the Zack Company as defendants. The last five named defendants had made demands on Barton-Malow for payment of their accounts for labor, services, or material going into the performance by bankrupt of its contract with Barton-Malow concerning the Huron Portland Cement job.

On application, the Bankruptcy Court issued an injunction restraining both Barton-Malow and Industrial Resources, Inc. from proceeding with their respective suits. The Bankruptcy Court issued an order to show cause ordering Industrial Resources, Barton-Malow, Brown Campbell Company, Cuddie Engineers, Inc., Structural Detailing Service Company, McNally & Nimergood Company, and the Zack Company " * * * to appear and show cause and proof of their alleged claim or lien, if any, in connection with said claim of the bankrupt estate against Barton-Malow Company and have determined the validity of the said claim, lien, and priority of same."

Barton-Malow opposed the order by objecting to the exercise of summary jurisdiction by the Bankruptcy Court. Without waiving its objection to summary jurisdiction, Barton-Malow agreed to the balance of $27,697.44 as the amount unpaid to bankrupt as a result of the work performed by bankrupt on the Huron Portland Cement job. The Bankruptcy Court issued a turnover order directing Barton-Malow to deliver to the receiver the sum of $27,697.44. This amount was to be subject to the liens, if any, of Commercial Acceptance Corporation and Industrial Resources. The Bankruptcy Court entered orders against

Brown Campbell Company, Structural Detailing Service Company, Cuddie Engineers, McNally & Nimergood, and the Zack Company denying any claim of lien against either the fund due the bankrupt from Barton-Malow or the owner of the project, Huron Portland Cement Company. No review was taken by any of these five companies.

Barton-Malow then filed its petition to review. On March 18, 1964, the Bankruptcy Referee filed his certificate of review to the District Court. On April 6, 1964, a hearing was held on Barton-Malow's petition for re-reference. On September 4, 1964, the District Court denied the Barton-Malow application for re-reference to the Referee, and entered an order affirming the Referee's order determining the amount due and for turnover of that amount. Barton-Malow appeals from those two orders.

The contract between Barton-Malow and bankrupt provided, in part, as follows:

"Subcontractor will keep the premises to which this contract relates, free and clear of all claims and mechanics liens and will pay for all labor, material and services used by him in connection with this contract and will furnish Barton-Malow Company with certificates of payment and waivers of mechanics liens satisfactory to Barton-Malow Company."

Barton-Malow maintains that $27,697.44 is the amount unpaid bankrupt, but that this amount is not due bankrupt because of the failure of bankrupt to deliver certificates of payments of all labor and material men which is a prerequisite of bankrupt's right of payment from Barton-Malow. Barton-Malow asserts that the giving of these certificates of payment is necessary for its own protection vis-a-vis Huron Portland Cement, because Barton-Malow's right to payment from Huron is likewise conditional on delivery by it to Huron of paid receipts from all subcontractors.

■ This is a case where the Bankruptcy Court asserts summary jurisdic-

tion over property which is not physically within the possession of the bankrupt. General principles establish that where the actual or constructive possession is in a third person, the Bankruptcy Court only has jurisdiction when it determines that the property is not held under a substantial adverse claim. A substantial adverse claim exists when the third person asserts a legal right to the property. Where the legal right asserted does not involve some fair or reasonable doubt of fact or law, as to be without color or merit, then the Bankruptcy Court has jurisdiction to deal with the property. The Bankruptcy Court has power to make a preliminary inquiry to determine whether the adverse claim is substantial or merely colorable. 2 Collier on Bankruptcy, Section 23.05; Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940); Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897 (1926); May v. Henderson, 268 U.S. 111, 45 S.Ct. 456, 69 L.Ed. 870 (1925); In Re Kansas City Journal-Post Co., 144 F.2d 812 (C.A.8, 1944); and American Mannex Corporation v. Huffstutler, 329 F.2d 449 (C.A.5, 1964).

■■ Where a debt is owed the bankrupt, such intangible may be in the constructive possession of the Bankruptcy Court if the bankrupt remained the legal owner up to the time of filing the petition. 2 Collier on Bankruptcy, Sectin 23.05, pg. 487. The bankrupt may have such possession of intangible property as to give the Bankruptcy Court summary jurisdiction to determine which claimant is the proper obligee of a chose in action. Orinoco Iron Co. v. Metzel, 230 F. 40 (C.A.6, 1918); In Re Borok, 50 F.2d 75 (C.A.2, 1931). In In Re Weston, 68 F.2d 913, 98 A.L.R. 319 (C.A.2, 1934) the Court said:

"These provisions disclose that the Lien Law contemplates that after notice of the lien, the state holds the debt for the benefit of those entitled thereto. Since when the petition was filed, so far as the record dis-

closes, no lien was asserted, the bankruptcy court's right of constructive possession may not be questioned. The bankruptcy court has jurisdiction to determine the validity of liens and of necessity the sole jurisdiction after possession of the property passes to the trustee. * * * It being admitted the property belongs to the bankrupt estate, its jurisdiction is complete and exclusive, and it alone may determine the validity and amount of liens, and likewise may take the property wherever it finds it and determine the manner of its liquidation or disposal."

In the Weston case the Court obtained constructive possession of the debt due from the State of New York since no liens had been perfected prior to the petition in bankruptcy. Jurisdiction to determine the validity of the lien was vested in the Bankruptcy Court, and the Bankruptcy Court had authority to enjoin the State court proceeding initiated by the lien claimant to enforce his lien. However, since the State disputed the amount due, the Court further held that a plenary suit was necessary to ascertain the amount of the fund to be paid by the State of New York.

In Green v. H. E. Butt Foundation, 217 F.2d 553 (C.A.5, 1954), the Bankruptcy Court asserted jurisdiction and attempted to recover $30,786.35 which was claimed due and owing the bankrupt, contractor, by H. E. Butt Foundation for the construction of a swimming pool for the Butt Foundation. The bankrupt was obligated to deliver a certificate showing a complete release of all liens arising out of the contract. The Court held the trustee would be required to file a plenary action since liens had been filed long prior to the filing of the petition in bankruptcy. The Court distinguished In Re Weston, supra, by saying:

"* * * The just cited case may easily be distinguished from the case at bar on the ground that there the lien was perfected after the petition

in bankruptcy was filed, while here the appellees perfected their liens about two months prior to the filing of the petition in bankruptcy."

The Court went on to say:

"If there is an undisputed excess in the Foundation's hands over the aggregate sum secured by valid liens, the trustee is entitled to a summary turnover order for the amount of said excess; but if there is a bona fide dispute as to the existence of any such excess, the trustee must file a plenary action to recover possession of the same."

A similar case, In Re H. L. Gentry Construction Company, 200 F.Supp. 546 (D.C.1961), held that the Bankruptcy Court was not entitled to recover the money in a retainage fund held by a Gas Company pursuant to a contract with the bankrupt for construction work done by the bankrupt. In Re Weston, supra, was again distinguished on the fact that in Weston the creditor did not give notice or assert his lien until after the petition in bankruptcy was filed.

In Ellis v. Phillips, 363 Mich. 587, 110 N.W.2d 772 (1961) the receiver of a subcontractor on a building project brought suit against the building contractor for the unpaid balance owed by the contractor under the subcontract. The defendant, contractor, admitted owing a balance of $15,033.09. The Michigan Court held that the unpaid balance was not an asset of the receivership since the defendant was liable as a surety to the material men of the subcontractor who had filed timely statutory notices.

The present case is similar to the *Weston* case, supra, and dissimilar to the *Green* case, supra, the *Gentry Construction* case, supra, and the *Ellis Coal* case, supra, on the controlling fact that under Michigan law no timely liens were filed by the five material suppliers of the bankrupt. This difference enables the Bankruptcy Court to assert exclusive jurisdiction to determine the validity and amount of liens. In the *Weston* case the Bankruptcy Court could not order a turnover of the property since the State of New York disputed the amount due. A plenary suit was necessary to ascertain the amount to be paid the State of New York. Here, however, Barton-Malow agreed as to the amount unpaid the bankrupt.

■ We conclude that where labor and material men of the bankrupt failed to file or perfect their lien rights, and where the prime contractor, Barton-Malow, has compromised and agreed to the amount unpaid to the bankrupt, the Bankruptcy Court has jurisdiction to determine the validity and amount of liens, and to order Barton-Malow to turnover the sum of $27,697.44 owing to the bankrupt. Under Michigan law this determination will not prejudice Barton-Malow. In Walker v. Syms, 118 Mich. 183, 76 N.W. 320 (1898), the Court held that the failure of the prime contractor to furnish to the owner a sworn statement as to the amounts due to the subcontractor's labor and material men will not preclude recovery by the prime contractor on the contract, where it appears conclusively that none of the labor or material men are in a position to assert a lien against the prime contractor or the owner. See also Wingilia v. Ashman, 241 Mich. 534, 217 N.W. 909 (1928).

Here the five material suppliers of the bankrupt were ordered to appear and show cause and proof of their alleged claim or lien. The Bankruptcy Court denied any claim of lien against either the fund due the bankrupt from Barton-Malow or Huron Portland Cement Company. No appeal was taken by these five companies. There is no argument made to this Court that the finding that no liens were filed was incorrect. Since the material suppliers do not have liens to assert against the prime contractor or the owner, Barton-Malow cannot be prejudiced by the inability of the bankrupt to give the required certificates of payment. See Walker v. Syms, supra, and Wingilia v. Ashman, supra.

The judgment of the District Court will be affirmed.