### AUSEON *v.* READING BRASS COMPANY

1. ATTORNEY AND CLIENT—DISQUALIFICATION OF COUNSEL.

A trial court may properly disqualify counsel for plaintiff where it is revealed that counsel drafted the very contract being litigated for the corporation and is now representing plaintiffs in an action on the contract against the former client.

2. ATTORNEY AND CLIENT—DISQUALIFICATION OF COUNSEL.

A member of the same law firm as counsel disqualified to represent plaintiff in an action on a contract which he drew for defendant is also disqualified to represent plaintiffs in that action.

———

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 7 Am Jur 2d, Attorneys-at-Law § 159.
Propriety and effect of attorney representing interest adverse to that of former client.   52 ALR2d 1243.
[4, 5] 58 Am Jur, Witnesses §§ 152–154.
Impropriety of attorney testifying for client as ground of exclusion of testimony otherwise admissible.   118 ALR 954.
[6] 58 Am Jur, Witnesses § 153.
[7] 7 Am Jur 2d, Attorneys-at-Law § 38.

3. ATTORNEY AND CLIENT—DISQUALIFICATION OF COUNSEL.

> Pleading in the answer, rather than in a separate pleading, disqualification of plaintiff's attorney to represent plaintiff because he represented defendant in the transaction on which the complaint arose does not change the result of the attorney's disqualification.

4. ATTORNEY AND CLIENT — WITNESSES — DISQUALIFICATION OF COUNSEL.

> A lawyer should leave the trial of a case to other counsel, when he is a witness for his own client in that case.

5. ATTORNEY AND CLIENT — WITNESSES — DISQUALIFICATION OF COUNSEL.

> A lawyer should avoid testifying in court in behalf of his client, except when essential to the ends of justice.

6. ATTORNEY AND CLIENT — WITNESSES — DISQUALIFICATION OF COUNSEL.

> The mere allegation or assertion by a party that an attorney may be called upon to testify as a witness in the litigation cannot automatically preclude him from representing his client, but where there are indications that testimony of plaintiff's attorney will be necessary to litigate questions raised in the answer, the Canons of Professional Ethics require that he remove himself from representing the plaintiff (Canons of Professional Ethics, 19).

7. ATTORNEY AND CLIENT—CANONS OF ETHICS—CONDUCT OF COUNSEL —IMPROPRIETY.

> Attorneys must not only adhere to the Canons of Professional Ethics, but they must also scrupulously avoid those situations in which it can be said that there is even an appearance of impropriety.

Appeal from Hillsdale, Rex B. Martin, J. Submitted Division 2 December 2, 1969, at Lansing. (Docket Nos. 6,483–6,488.) Decided March 24, 1970. Rehearing denied May 4, 1970.

Complaint by Thomas J. Auseon and five other employees against Reading Brass Company for the payment of bonuses owed to them. Com-

plaint by defendant under GCR 1963, 908, against plaintiff's attorney for impropriety and conflict of interest in representing plaintiffs. Defendant's complaint against the attorney dismissed. Defendant appeals. Reversed.

*Prettie, Parker and Hayes,* for plaintiffs.

*Rosenburg, Painter, Stanton & Bullen,* for defendant.

Before: Fitzgerald, P. J., and Bronson and T. M. Burns, JJ.

Bronson, J. A complaint was filed against Reading Brass Company by six of its former employees for bonuses allegedly owing them as a consequence of services rendered in 1967. Defendant corporation filed a complaint under GCR 1963, 908 against the attorney for plaintiffs, Kenneth G. Prettie, charging that Prettie could not properly represent the plaintiffs in this case under the Canons of Professional Ethics due to his prior relationships with defendant corporation. Hearing was held in the Hillsdale County circuit court on this complaint. Defendant corporation amended its pleadings so as to include Lawrence L. Hayes, Jr., a partner of Prettie's, who was also counsel for plaintiffs. Subsequent to the court's written opinion, an order was entered dismissing the complaint.

In its written opinion the court concluded that even though attorney Prettie was a trustee of defendant company's employee retirement fund and although Mr. Prettie was a co-trustee with Mrs. White, the president of the corporation, of a testamentary trust, the corpus of which included 225 of the 500 outstanding shares of the corporation,

these relationships did not create any conflict that would impair his right to represent the plaintiffs in the principal suit.

The court held that the fact that Mr. Prettie was a director of the bank where defendant corporation's funds were garnished by plaintiffs for the purpose of this suit did not sufficiently evidence a conflict of interest. The court so held because discovery of information as to the location of these funds was gained by attorney Hayes at a session with corporate representatives wherein the subject matter of the suit on behalf of plaintiffs was discussed.

The court recognized the fact that the attorneys Prettie and Hayes were members of the same law firm at the time the contract between Charles Bratton, one of the plaintiffs herein, and defendant corporation was being negotiated. The trial judge found, however, that the representation of Bratton by Mr. Hayes and of the corporation by Mr. Prettie was fully disclosed to all of the parties concerned and consequently it was not a proper basis for any allegation of conflict in the current controversy. The trial court also determined that at the time the suit was filed against the corporation, attorney Prettie was not counsel for the corporation and that in fact his relationship as legal counsel for the company had terminated some time prior, and he was not, as contended by defendant corporation, representing both litigants at the same time. The trial court indicated that notwithstanding the above conclusions of fact, both attorney Prettie and attorney Hayes would normally be precluded from representing plaintiff Bratton in this litigation pursuant to language in Canon 6 and Canon 37 of the Canons of Professional Ethics. But in spite of the foregoing, the trial judge did not so hold because he concluded that the nature of the answer filed by

defendant corporation constituted a personal affront to the integrity and representation of the attorneys in question and that an order preventing them from representing Bratton in this suit would result in denying them the opportunity to refute the charges made in that answer and counterclaim. On this basis the trial judge concluded that the attorney should be allowed to represent Bratton in the litigation.[1]

The trial court determined that there was no conflict which would prevent representation of the other five plaintiffs by the same counsel. The contract with Bratton involved his services as general manager of the corporation and the other five plaintiffs are suing the corporation on the basis of contracts made between them and Bratton as general manager of Reading Brass Company. Defendant corporation contends that these contracts made between Bratton and the other five plaintiffs are void because Bratton lacked the requisite authority to execute them on behalf of the corporation. The trial court further concluded that Mr. Prettie's representation of the corporation at the time that these contracts were entered into was not controlling since he was not involved in their execution and consequently did not possess any confidential information that would create a conflict under Canon 6 or Canon 37. The trial court finally concluded that the validity of these contracts was subject to the validity of the contract between Bratton and defendant corporation and therefore that the same issues of integrity and representation of the attorneys involved

---

[1] Defendant corporation in its filing of an answer, affirmative defense, and counterclaims with respect to the principal litigation alleged that the above-named attorneys had acted in concert and fraudulently induced the president of the corporation, Mrs. White, to approve the contract being litigated and as a director to vote under duress for the formal acceptance of that contract by the corporation.

were also at issue in these five cases. Defendant appealed the decision of the trial court. This Court granted plaintiff's motion to dismiss on the ground that the holding of the trial court was not a final judgment from which a claim of appeal could be made as a matter of right. Defendant corporation then filed application for leave to appeal.

The last paragraph of Canon 6 reads as follows:

"The obligation to represent the client with undivided fidelity and not to divulge his secrets or confidences forbids also the subsequent acceptance of retainers or employment from others in matters adversely affecting any interest of the client with respect to which confidence has been reposed."

Canon 37 states in part:

"It is the duty of a lawyer to preserve his client's confidences. This duty outlasts the lawyer's employment, and extends as well to his employees; and neither of them should accept employment which involves or may involve the disclosure or use of these confidences, either for the private advantage of the lawyer or his employees or to the disadvantage of the client, without his knowledge and consent, and even though there are other available sources of such information. A lawyer should not continue employment when he discovers that this obligation prevents the performance of his full duty to his former or to his new client.

"If a lawyer is accused by his client, he is not precluded from disclosing the truth in respect to the accusation."

I

The term "client" as used in GCR 1963, 908[2] includes within its meaning the defendants in this case.

---

[2] "Rule 908. Claims by Clients Against Attorneys.
"Attorneys and counselors are officers of the courts of this state and as such are subject to the summary jurisdiction of such courts.

In *Wingilia* v. *Ashman* (1928), 241 Mich 534,[3] the Michigan Supreme Court held that the trial court properly disqualified counsel for defendant where it was revealed that counsel formerly represented plaintiff in the drafting of the contract then being litigated. In so holding the Court said at p 537:

"Aside from the legal situation, the trial court did nothing more than Mr. Garvey's [the attorney] own sense of propriety should have prompted him to do without a motion. He had drawn the contract and consulted with plaintiff concerning the matter, and was, therefore, in a position to be suspicioned of unprofessional conduct if he accepted employment from defendant."

The language of the above case when coupled with the canons quoted above requires the disqualification of both attorneys in the Bratton case. Attorney Prettie drafted the contract being litigated on behalf of the corporation and is now representing plaintiffs in an action against that former client. This fact in turn disqualifies attorney Hayes since he was a member of the same law firm. Thus far we are in agreement with the trial court. However, the question now becomes:

Does the fact that the professional conduct of these attorneys was brought into issue by the responsive pleadings of defendant corporation change the above result?

---

The circuit court of the county in which an attorney resides or has an office has jurisdiction, on verified written complaint of any client, either in person or by attorney and after reasonable notice and hearing, to make any order for the payment of money or for the performance of any act by the attorney which law and justice may require. All courts of record have a like jurisdiction as to all such complaints regarding matters arising in suits or proceedings in such courts."

[3] Although *Wingilia* was decided before the existence of GCR 1963, 908 or its earlier counterpart, we find that the reasoning of the Court in that case is applicable here.

Canon 37 of the Canons of Professional Ethics allows for disclosure by an attorney in order to answer an accusation directed at him by his client. This in no way controls the question of proper representation referred to in Canon 6. The mere fact that such allegations are made in responsive pleadings should not change the result where the attorney would otherwise be disqualified. As to the other five cases, it would appear that the conclusions of the trial court were correct. There is no indication that these attorneys participated in the drafting of the contracts in question, nor is there any indication that Prettie, as counsel for the corporation, possessed confidential information related to questions that might be raised in those five cases.

## II

Canon 19 of the Canons of Professional Ethics states:

"When a lawyer is a witness for his client, * * * he should leave the trial of the case to other counsel. Except when essential to the ends of justice, a lawyer should avoid testifying in court in behalf of his client."

On the basis of the facts here presented, it is doubtful that attorneys Prettie and Hayes would have to testify on behalf of their clients except insofar as the litigation involving Bratton as a plaintiff is concerned. However, because these attorneys were active in the contract negotiations and particularly because of the nature of the responsive pleadings offered by defendant, Canon 19 may indeed have application. While the mere allegation or assertion by a party that a counsel may be called upon to testify as a witness in the litigation cannot automatically invoke Canon 19, in this case there are indications that the testimony of both of these attor-

neys will be necessary in order to litigate the allegations of fraud made in defendant's responsive pleadings. These allegations go to the very circumstances surrounding the negotiations which led to the contract now at issue. Under these conditions, it is apparent that the testimony of the attorneys may well be essential to refute the charges. While under other circumstances we might find that application of Canon 19 would promote an obvious abuse or curtailment to a client's choice of attorney, from these facts we find that Canon 19 requires the attorneys to remove themselves from Bratton's case.

## III

The trial court held that attorney Prettie's status as trustee of 225 of the 500 outstanding shares of the corporation was merely passive. His only apparent duties in that regard were the filing of tax returns each year. None of the evidence indicates he exercised any voting or such related powers over the shares and consequently that there is no indication that his status as counsel for plaintiffs is inconsistent or in conflict with his status as trustee.

Not only must attorneys adhere to the Canons of Professional Ethics, but we feel it is sound advice to scrupulously avoid those situations in which it can be said that there is even an "appearance" of impropriety.

Reversed.

All concurred.