**In re HAVERFORD PLACE ASSOCIATES, LTD., Debtor.**

**HAVERFORD PLACE ASSOCIATES, LTD., Plaintiff,**

**v.**

**Carl G. WITTIG and Diamond State Realty Company, a Delaware Corporation, Defendants.**

**Bankruptcy No. 79–1004EG.**

United States Bankruptcy Court, E. D. Pennsylvania.

Dec. 11, 1979.

Leonard P. Goldberger, Philadelphia, Pa., for debtor-plaintiff.

James F. Kipp, Wilmington, Del., for defendants.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The question before us stems from a challenge to this court's summary jurisdiction. Specifically the issue is whether the debtor in possession can bring an adversary proceeding in the bankruptcy court to recover money allegedly misappropriated by the defendants (the former General Partner and Managing Agent of the debtor) prior to the filing of the Chapter XII case. We conclude that the court does not have jurisdiction to entertain such an action.

1. Section 411 states:
    Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the purposes of this chapter,

On April 3, 1979, Haverford Place Associates, Ltd. ("Haverford"), a limited partnership, filed a petition under Chapter XII of the Bankruptcy Act. On August 1, 1979, Haverford initiated an adversary proceeding against Carl G. Wittig ("Wittig") and Diamond State Realty Company ("D.S.R."), Haverford's former General Partner and Managing Agent, respectively, to recover allegedly misappropriated partnership funds. The complaint alleged, in part, that Wittig had wrongfully diverted to himself and to D.S.R. money from the sale of the limited partnership subscriptions and rental income from the real estate owned by Haverford. The defendants, Wittig and D.S.R. moved to dismiss the complaint on the ground that the court lacked summary jurisdiction over the case.

We are dealing here with a controversy in the course of a Chapter XII proceeding between the debtor in possession and certain third parties with respect to property which allegedly belongs to the debtor in possession but which property is not in the debtor's actual or constructive possession.

In the ordinary bankruptcy case under Chapters I to VII, it is clear that the court does not have summary jurisdiction over a controversy with respect to property unless that property is in the possession, actual or constructive, of the bankrupt at the time of filing. In a case under Chapter XII the court likewise has summary jurisdiction over property in the possession of the debtor at the time of filing. However, there is authority that, by virtue of Section 411,[1] the court in a Chapter XII case also has summary jurisdiction over a controversy with respect to property that is in the possession of a third party if title to that property is in the debtor and there is no substantial adverse claim to that property. See 9 Collier on Bankruptcy § 411, ¶ 3.01[2] (14th ed. 1978). See also, In Matter of Wiltse Bros. Corp., 357 F.2d 190 (6th Cir. 1966).

have exclusive jurisdiction of the debtor and his property, wherever located. 11 U.S.C. § 811 (1978).

Although we adopt the theory of expanded summary jurisdiction over a controversy arising in a Chapter XII proceeding,[2] it is our conclusion that the instant case does not fall within the scope of that expanded jurisdiction.

The complaint in the instant case is based on theories of misappropriation of funds, mismanagement, fraud, and breach of fiduciary duties. The substance of the claims is very similar to those alleged in *In re Standard Gas & Electric Co.,*[3] in which the Court of Appeals for the Third Circuit held that the bankruptcy court had no summary jurisdiction over a suit filed by a trustee for an accounting and money damages for breach of the fiduciary duty owed by the defendants.[4] The plaintiff in the instant case attempts to bring this controversy within the expanded summary jurisdiction of the court by characterizing the complaint as one to recover monies belonging to the debtor which are in the hands of the defendants, rather than as a suit for damages for fraud, misappropriation, and breach of fiduciary duty. However, since the substance of the allegations is the same and the legal and factual issues would be the same in both cases, it does not appear appropriate to grant summary jurisdiction in the instant case merely because of the way the allegations are phrased, when it would clearly not be appropriate under *Standard Gas* if the case were characterized as a suit for damages.

Since we conclude that this is not an appropriate case for the expended summary jurisdiction of the court, we will sustain the motion to dismiss Haverford's complaint.

---

2. Cf. *In Re 221A Holding Corp.,* 5 Bankr.Ct. Dec. 285, in which this court held that it had expanded summary jurisdiction in controversies arising out of a Chapter XI proceeding. Section 311 which defines the summary jurisdiction of the court in Chapter XI cases is identical to Section 411 which defines the summary jurisdiction of the court in Chapter XII cases. 11 U.S.C. §§ 711, 811 (1978). For the text of Section 411, see note 1 supra.

3. 119 F.2d 658 (3d Cir., 1941).

