**314**

In re HAVERFORD PLACE ASSOCI-
ATES, LTD., Debtor.

HAVERFORD PLACE ASSOCIATES,
LTD. Debtor-in-Possession, Plaintiff,

v.

Carl G. WITTIG, and Diamond State
Realty Company, A Delaware
Corporation, Defendants.

Bankruptcy No. 79–1004EG.

United States Bankruptcy Court,
E. D. Pennsylvania.

Oct. 3, 1980.

Leonard P. Goldberger, Kogan & Cogan,
Philadelphia, Pa., for debtor/plaintiff Hav-
erford Place Associates, Ltd.

James F. Kipp, Trzuskowski, Kipp, Agos-
tini & Kelleher, P.A., Wilmington, Del., for
defendants Carl G. Wittig and Diamond
State Realty Co.

## OPINION

EMIL F. GOLDHABER, Bankruptcy
Judge:

The issue at bench is whether we should
reconsider and amend our opinion and order
of December 11, 1979, in which we conclud-
ed that we did not have summary jurisdic-
tion over the complaint filed by the debtor
in possession seeking the recovery of funds
allegedly misappropriated by the defend-
ants from the debtor in possession. We
conclude that no reason has been demon-
strated why we should reconsider and
amend that opinion and we will, therefore,
deny the motion to reconsider and amend.

The facts of this case are as follows:[1] On
April 3, 1979, Haverford Place Associates,
Ltd. ("Haverford") filed a petition under
Chapter XII of the Bankruptcy Act ("the
Act").[2] On August 1, 1979, Haverford filed
an adversary complaint against Carl G.
Wittig and Diamond State Realty Compa-
ny, the former general partner and manag-
ing agent, respectively, of Haverford. The
complaint alleged, in part, that the defend-
ants had diverted to themselves money
from the sale of limited partnership sub-
scriptions and from rental income received
by Haverford and sought to recover that
money for the estate. The defendants
moved to dismiss the complaint for lack of
summary jurisdiction. In an opinion and

1. This opinion constitutes the findings of fact
and conclusions of law required by Rule 752 of
the Rules of Bankruptcy Procedure.

2. Although the Bankruptcy Act has been super-
seded by the Bankruptcy Code as of October 1,
1979, the provisions of the Act still apply to
petitions filed before that date. The Bankrupt-
cy Reform Act of 1978, Pub.L.No. 95–598,
§ 403, 92 Stat. 2683 (1978).

order dated December 11, 1979, we concluded that we lacked summary jurisdiction over the complaint and granted the defendants' motion to dismiss; *In re Haverford Place Associates, Ltd.*, 1 B.R. 451 (Bkrtcy.E. D.Pa.1979). Haverford subsequently filed a motion to reconsider and to amend that opinion and order. It is that motion which is presently before us.

Rule 59 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rules 12–60(a), 752(b) and 923 of the Rules of Bankruptcy Procedure, provides that, in an action tried without a jury, a new trial on any or all of the issues may be granted "for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." Rehearings in such cases have traditionally been granted on one of three grounds: (1) manifest error of law, (2) manifest error of fact and (3) newly discovered evidence. *See, e. g., Brown v. Wright*, 588 F.2d 708 (9th Cir. 1978), *citing* 6A Moore's Federal Practice ¶ 59.07 at 59–94.

In the instant case, Haverford does not contend that there is any newly discovered evidence in this case that would warrant a rehearing. Rather, Haverford asserts that it was error (either of law or of fact) for us to conclude that the complaint filed by it was not subject to our jurisdiction. Haverford argues, as it did at the time we made our decision, that its complaint is one to recover specific money of the debtor which is in the hands of third parties (the defendants) and is, therefore, within the summary jurisdiction of the bankruptcy court. However, as we stated in our prior decision, the bankruptcy court cannot obtain summary jurisdiction over a proceeding, which is ordinarily outside of that jurisdiction, merely because of the way that the complaint is worded. Since Haverford's complaint herein is, in substance, a complaint to recover damages for fraud, misappropriation and breach of fiduciary duty, we do not have summary jurisdiction over it. *See, e. g., In re Standard Gas and Electric Company*, 119 F.2d 658 (3d Cir.

1941). Moreover, we cannot obtain jurisdiction over that complaint merely because it is phrased as a complaint to recover a specific fund of money belonging to the debtor. Consequently, finding no error of law or fact in our prior opinion and order in this case, we will deny the motion to reconsider and to amend that opinion and order.